State v. Monroe

---

STATE OF NORTH CAROLINA v. JOSEPH LEE MONROE

No. 8516SC738

(Filed 7 January 1986)

1. **Robbery § 4.5— armed robbery—defendant's aid in robber's escape—sufficiency of evidence**

Evidence in an armed robbery case was sufficient to be submitted to the jury where there was evidence from which the jury could find that defendant was driving an automobile in the vicinity of the place where the armed rob-

bery occurred with the intention of aiding the robber in his escape, and the jury could also find that the defendant picked the robber up in his automobile a few minutes after the robbery and did aid the robber in leaving the scene.

**2. Criminal Law § 34.1— other offenses by defendant—inadmissibility to show defendant's character**

The trial court erred in allowing the State to elicit testimony that defendant had shot a person where the shooting was unrelated to the crime for which defendant was being tried, and such evidence was improperly offered to prove defendant's character. N.C.G.S. 8C-1, Rule 404(b).

APPEAL by defendant from *McLelland, Judge.* Judgment entered 19 March 1985 in Superior Court, ROBESON County. Heard in the Court of Appeals 10 December 1985.

The defendant was tried for armed robbery. The State's evidence showed that on 30 June 1984 at approximately 10:00 p.m. the City Sunoco in Lumberton, North Carolina was robbed. A clerk in the City Sunoco followed the robber out of the store and called to Ronald Williams, an officer with the City of Lumberton Police Department who was passing the station in a police vehicle. Mr. Williams followed the robber for some distance until the robber disappeared. Mr. Williams then saw the robber as he entered the passenger side of a mustard-colored Gremlin. Mr. Williams pursued the Gremlin until it ran off the road and into a tree. Two men fled from the Gremlin. Mr. Williams testified that he recognized the man who left from the passenger side of the Gremlin as the man he had chased after the robbery. Mr. Williams testified that he recognized the defendant as the man who left from the driver's side of the Gremlin.

The Gremlin was searched by the police who found in it several photographs of the defendant and two checkbooks belonging to the defendant. The automobile was owned by Annie Stewart.

The defendant offered evidence tending to prove an alibi. The defendant was convicted as charged and sentenced to fourteen years in prison. He appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robert R. Reilly, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

WEBB, Judge.

[1]   The defendant assigns error to the court's refusal to dismiss the case on the ground of insufficiency of the evidence. There was evidence from which the jury could find that the defendant was driving an automobile in the vicinity of the place where the armed robbery occurred with the intention of aiding the robber in his escape. The jury could also find that the defendant picked the robber up in his automobile a few minutes after the robbery and did aid the robber in leaving the scene. This is sufficient evidence to overcome the defendant's motion to dismiss. *See State v. Robinette*, 33 N.C. App. 42, 234 S.E. 2d 28 (1977). This assignment of error is overruled.

[2]   In his second assignment of error the defendant argues that it was prejudicial error for the State to be allowed to elicit testimony as to a shooting in which he was involved, which shooting was unrelated to the crime for which he was being tried. We believe this assignment of error has merit. Before the defendant testified he called as a witness his girlfriend Eva Mae Singleton who testified the defendant was with her at the time of the robbery. On cross examination the following colloquy occurred:

Q. Well, now, he's done you some favors in the past, hasn't he?

A. No, he have not.

Q. He never has?

A. What kind—he have by keeping my baby while I work.

Q. How about by shooting your ex-boyfriend right there in the house in which you live?

Mr. Rogers: Objection. Move to strike. Call for a mistrial.

Court: Denied.

Q. Didn't he shoot your boyfriend right there in the house?

A. Yes, he did.

The State by this testimony on cross examination introduced evidence of a crime or wrong by the defendant. G.S. 8C-1, Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

It appears to us that this evidence of another wrong by defendant was offered to prove his character. It does not fit any of the exceptions of Rule 404(b). It was error to allow this testimony. We cannot say there is not a reasonable possibility another result would have been reached had this error not been made. We hold it was prejudicial error.

The State argues that this question was proper to show that the witness was biased for the defendant on account of the favor he had done for her by shooting her ex-boyfriend. The witness testified that she was the defendant's girlfriend and that they lived together. We believe this was a sufficient showing of bias so that the prejudice to the defendant from allowing evidence of the additional favor he did for Eva Mae Singleton outweighs any probative value this testimony may have.

For the reasons stated in this opinion there must be a new trial.

New trial.

Judges ARNOLD and WELLS concur.